Filed 9/18/15  Bohaty v. Bohaty CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| MARTIN BOHATY, | D067034 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2013-00044709-CU-NP-NC) |
| SILVIE BOHATY, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of San Diego County, Earl H. Maas III, Judge.  Affirmed.

Martin Bohaty, in pro. per., for Plaintiff and Appellant.

Silvie Bohaty (Pudilova), in pro. per., for Defendant and Respondent.

After a bench trial, the court entered judgment in favor of Silvie Bohaty, wife of

Martin Bohaty,[1] in a dispute over personal property. Martin, in propria persona, appeals

the judgment. We affirm.

---

[1]    As Silvie Bohaty and Martin Bohaty share the same last name, in the interests of clarity we refer to them by their first names. We intend no disrespect.

FACTUAL AND PROCEDURAL BACKGROUND

In April 2013, Martin filed a complaint against Silvie containing six causes of action: (1) abuse of process, (2) breach of fiduciary duty, (3) accounting, (4) unjust enrichment/disgorgement, (5) conversion, and (6) declaratory relief. In the complaint, Martin alleged he met Silvie in her home country of the Czech Republic in 2009, and arranged for her and her two children to travel to California, where they began living with him. Martin and Silvie were married in 2010. In November 2011, Silvie obtained a temporary restraining order (TRO) that restricted Martin from visiting their residence. As alleged in the complaint, the TRO was obtained by Silvie as part of a scheme to separate Martin from his personal property, which included several vehicles. At the time, title to these vehicles was held in Silvie's name. She claimed they had been a prewedding gift from Martin; in contrast, Martin asserted he transferred title to her to hide the assets from his ex-wife, who was seeking additional child support payments, and he expected Silvie to eventually sign title back to him. While the TRO was in effect, Silvie allegedly wrongfully sold the vehicles for over $50,000. In February 2012, a court (Commissioner Patti C. Ratekin) dismissed the TRO, finding that Silvie had not met her burden of proving she was in "real fear" of her life.

In September 2014, the court (Judge Maas) held a trial, received written and oral evidence, and considered the parties' arguments. The court ruled in Silvie's favor, finding her testimony to be "far more credible" than Martin as to ownership of the vehicles. Because the court found Silvie was the owner of the vehicles at the time of their alleged sales, it concluded there had been no conversion, abuse of process, breach of duty, unjust

3

enrichment, or basis for any of Martin's claims. Martin filed a notice of appeal and record designation. The only reporter's transcript he included in the appellate record was the transcript from the 2012 TRO hearing.

## DISCUSSION

### *No Showing of Reversible Error*

We first observe that Martin has not identified any *legal* errors in the trial court proceedings. In his opening brief, he starts by expressing his "disappointment" with the court's decision to rule in Silvie's favor, and then recites his wife's alleged "lies" in their marital relationship and various other aspects of life. Martin also attaches new evidence to his appellate brief—letters from two of his ex-wives and a friend's "declaration"— dated after trial, and which were apparently not before the trial court.

Our role, as an appellate court, is limited. " 'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' " (*Denham v. Superior Court of Los Angeles County* (1970) 2 Cal.3d 557, 564.) The burden of affirmatively demonstrating error is on the appellant. (*Pringle v. La Chapelle* (1999) 73 Cal.App.4th 1000, 1003.) "Briefs must provide argument and legal authority for the positions taken; they may not rely upon matters which are not part of the record on appeal." (*Ibid.*) Here, Martin's brief is deficient, and he improperly submitted new evidence on appeal.

4

Moreover, Martin's primary grievance appears to be that Judge Maas chose to believe Silvie's testimony rather than his own. However, Martin did not provide us with a reporter's transcript of the September 2014 trial proceedings and other relevant documents considered by the court. California Rules of Court, rule 8.120(b) states: "If an appellant intends to raise any issue that requires consideration of the oral proceedings in the superior court, the record on appeal must include a record of these oral proceedings . . . ." The appellant has the burden to provide an adequate record on appeal to allow the reviewing court to assess the purported error. (*Bullock v. Philip Morris USA, Inc.* (2008) 159 Cal.App.4th 655, 678.) "Absent an indication in the record that an error occurred, we must presume that there was no error." (*Ibid.*) Without a transcript of any oral proceedings presided over by Judge Maas, we must presume there was no error in the trial court's ruling.

In any event, it is not our role to evaluate the credibility of witnesses or reweigh the evidence. (*Lenk v. Total-Western, Inc.* (2001) 89 Cal.App.4th 959, 968 [" ' "[I]t is the exclusive province of the [trier of fact] to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends." ' "].) Martin requests that we review a transcript of Silvie's testimony from a 2012 hearing on the TRO, which we have done.[2] Silvie's 2012 testimony, standing alone, does not support reversal of the judgment because it constitutes only one piece of evidence considered by the trial court and does not contradict that Silvie held title to the vehicles she sold.

---

[2] The TRO decision is not being appealed. We reviewed her 2012 testimony to the extent it was relevant to the appealed judgment.

DISPOSITION

The judgment is affirmed.  Each party is to bear its own costs on appeal.


IRION, J.

WE CONCUR:


McCONNELL, P. J.


HALLER, J.

6